UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | |
| JOHNSON MEMORIAL HOSPITAL, INC. and JOHNSON MEMORIAL CORPORATION, | CASE NOS. 08-22187 through 08-22189 |
| DEBTORS | JOINTLY ADMINISTERED under CASE NO. 08-22188 |
| JOHNSON MEMORIAL HOSPITAL, INC., | |
| PLAINTIFF | CHAPTER 11 |
| v. | ADV. PRO. NO. 10-2260 |
| NEW ENGLAND RADIATOR WORKS, | Re: ECF NOS. 21 & 25 |
| DEFENDANT | |

<u>APPEARANCES</u>:

Craig L. Lifland, Esq. and Kellianne Baranowsky, Esq.   Counsel for Plaintiff
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06460

Francis B. Fennessey, Esq.   Counsel for Defendant
27 Main Street
Charlton, MA 01507

**MEMORANDUM AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT**

DABROWSKI, ALBERT S., United States Bankruptcy Judge

## I.  INTRODUCTION

Before the Court are the parties' cross-motions for summary judgment in the captioned adversary proceeding which seeks to recover as a preference the Debtor's payment to a contractor with a mechanic's lien that had not yet been recorded, but was within the statutory time permitted for recording.

## II.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. §1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(F).

## III.  PROCEDURAL BACKGROUND

Johnson Memorial Hospital, Inc. (hereinafter, "JMH" or the "Debtor"), on November 4, 2008, filed a voluntary petition commencing a case under Chapter 11 of the Bankruptcy Code.  JMH's case was consolidated for administrative purposes with those of The Johnson Evergreen Corporation, Inc., and Johnson Memorial Corporation (together, the "Debtors").  The Court, on August 11, 2010, confirmed the Debtors' joint Chapter 11 plan, under which the Plan Custodian was authorized to pursue, *inter alia*, avoidance actions on behalf of the Debtors.  The Plan Custodian, on behalf of JMH, commenced the captioned adversary proceeding on October 27, 2010 by filing a complaint (hereinafter, the "Complaint") to avoid as a preference under §547(b), JMH's payment (hereinafter, the

"Payment"), on September 17, 2008 to New England Radiator Works (hereinafter, "NER" or the "Defendant") for the latter's repair and installation of JMH's emergency generator radiator (hereinafter, the "Project"). NER filed, and subsequently amended, its answer to the Complaint.

Thereafter, NER filed a *Motion for Summary Judgment*, ECF No. 21; JMH filed a *Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment*, and related pleadings and documents, ECF No. 25, and NER filed an *Opposition to Plaintiff's Motion for Summary Judgment,* ECF No. 33.

### IV.  DISCUSSION

*A.  Summary Judgment Standards*

> Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). It is the movant's burden to show that no genuine factual dispute exists. In reviewing a summary judgment motion, we must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor.
>  . . . [The] court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then "summary judgment must be denied even if no opposing evidentiary matter is presented. Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule [56(a)1] statement. It must be satisfied that the citation to evidence in the record supports the assertion.

*Vermont Teddy Bear Co., Inc. v. 1-800-Beargram Co., Inc.*, 373 F.3d 241, 244 (2d Cir. 2004).

> When considering two opposing motions for summary judgment, a court follows the same standard, evaluating each motion on its own merits and drawing all reasonable inferences against the party whose motion is

under consideration. *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir.2001) (citing *Schwabenbauer v. Bd. of Educ.*, 667 F.2d 305, 314 (2d Cir.1981)). In doing so a court need not grant either party's motion. *Id.*

*Buote v. Verizon New England*, 249 F.Supp.2d 422, 428 (D.Vt. 2003).

In evaluating a motion for summary judgment, the court is not to weigh the credibility of the matters asserted; it "cannot <u>try</u> issues of fact, but can only determine whether there are issues of fact to be tried." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (citations omitted).

## *B.    Undisputed Facts*

For purposes of the present summary judgment motions the pleadings in this matter reflect no genuine dispute as to any material facts, including the following.

- NER began work on the Project on or about August 6, 2008 and completed it on August 15, 2008.

- Payment was due on completion of the project and NER, on or about August 18, 2008, sent JMH an invoice for the Project, indicating that, in accordance with the prior agreement, the full amount of $7,262.00 was due and payable.

- Between August 19, 2008 and September 17, 2008, NER made fourteen telephone calls to JMH seeking payment for the Project.

- On September 17, 2008, JMH paid NER $7,262.00 for its work on the project.

- On November 4, 2008, JMH filed its Chapter 11 bankruptcy petition.

However, the parties disagree as to whether the Payment was made in the ordinary course of business or was part of a contemporaneous exchange.

4

C.   **Preference Provisions**

The following provisions of Bankruptcy Code §547, which empowers a trustee or debtor in possession to recover as preferences certain payments made to creditors within the 90-day[1] look-back period preceding the Petition Date, are relevant to the instant proceeding.

The required elements of a preference are stated in §547(b):

> (b) Except as provided in subsections (c) and (i) of this section, the trustee *may avoid* any transfer of an interest of the debtor in property–
>   (1) to or for the benefit of a creditor;
>   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>   (3) made while the debtor was insolvent;
>   (4) made--
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>   (5) that enables such creditor to receive more than such creditor would receive if--
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547(b) (emphasis added).

Section 547(c) enumerates the defenses to an otherwise avoidable preferential transfer; the provisions raised by the parties in their pleadings and memoranda of law are as follows:

> (c) The trustee *may not avoid* under this section a transfer--
>   (1) to the extent that such transfer was--
>     (A) intended by the debtor and the creditor to or for whose benefit

---

[1] Or one-year period if payment was to an insider of the debtor.

>   such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>       (B) in fact a substantially contemporaneous exchange;
>   (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was--
>       (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
>       (B) made according to ordinary business terms;
>   . . .
>   (6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title;

11 U.S.C. §547(c) (emphasis added).

The burden of proof in a proof in a preference action is governed by §547(g), which provides:

>   (g) For the purposes of this section, the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section, and the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section.

11 U.S.C.A. § 547(g).

Initially, JMH, as plaintiff, bears the burden of proof that the undisputed facts establish each of the elements of a preference under §547(b). JMH contends that it has met its burden and is entitled to judgment as a matter of law. NER argues that the undisputed facts entitle NER to judgment because the Payment entitled it to no more than it would have received under a hypothetical Chapter 7 liquidation had the Payment not been made, contrary to the requirements of §547(b)(5).

Once JMH has established that the Payment constitutes a preference under §547(b), the burden shifts to NER to prove that one of the defenses in §547(c) prohibits

6

its avoidance. NER asserts, and JMH disputes, that the Payment is unavoidable pursuant to §547(c)(1) (contemporaneous exchange), (2) (ordinary course) or (6) (fixing of an unavoidable statutory lien).

### D. *Arguments of the Parties*

JMH, seeks to recover as a preference the Payment made to NER for repair and installation of its emergency generator radiator. NER argues that, under Connecticut law, it had a statutory mechanic's lien (hereinafter, the "Lien") on JMH's real property that fully secured[2] its claim. The Lien took effect on the date the Project commenced and NER had until November 13, 2008, 90 days after completion of the Project, to record its Lien on the land records. *See* Conn. Gen. Stat. §§49-33[3], 34[4]. On September 17, 2008, thirty-three days after completion of the Project and prior to NER recording its Lien, JMH paid NER in full.

---

[2]  Schedule A (Real Property) of JMH's bankruptcy petition indicates that JMH had more than sufficient equity in the Property to fully secure NER's mechanic's lien of $7,262. The value of the Property was listed as $13,936,134; the encumbrances thereon were listed as $13,509,888.

[3]  Conn. Gen. Stat. §49-33 provides, in relevant part:
    (a)    If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances . . . the building, with the land on which it stands . . . is subject to the payment of the claim.
    (b)    The claim is a lien on the land, building and appurtenances . . . and the claim takes precedence over any other encumbrance originating after the commencement of the services, or the furnishing of any such materials. . . .
. . .
    (d)    If any instrument constituting a valid encumbrance upon such land other than a mechanic's lien is filed for record while the building is being constructed, raised, removed or repaired, . . . all such mechanic's liens originating prior to the filing of that instrument for record take precedence over that encumbrance . . . .

[4]  Conn. Gen. Stat. §49-34 provides, in relevant part:
A mechanic's lien is not valid unless the person performing the services or furnishing the materials (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land . . . .

7

Forty-eight days after its Payment to NER, JMH filed its Chapter 11 bankruptcy petition. JMH now seeks to recover the amount of such Payment as a preference. NER argues that the Payment is not avoidable as a preference because it fails to satisfy one of the essential elements of a preference - the requirement of §547(b)(5) that the Payment gave NER a larger amount than it would have received in a hypothetical Chapter 7 liquidation had the Payment not been made. NER contends that its claim was fully secured by a mechanic's lien that, if the Payment had not been made, would have entitled it to a distribution equal to the Payment amount in a hypothetical Chapter 7 liquidation. JMH maintains that, because the mechanic's lien was not recorded, NER's claim is unsecured and NER would receive the same pro-rata distribution as other unsecured creditors in a hypothetical Chapter 7 liquidation, an amount less than the full amount of its claim.

In the alternative, NER asserts that, even if the payment had constituted a preference under §547(b), avoidance was prohibited by §547(c)(1) (contemporaneous exchange), (2) (ordinary course) or (6) (fixing of an unavoidable statutory lien). JMH maintains that the undisputed facts confute such arguments.

### *E. Controlling Second Circuit Case Law*

The Second Circuit Court of Appeals has considered, under the provisions of the former Bankruptcy Act, the very issue presently before the Court under a factual scenario virtually identical to that herein presented. *Ricotta v. Burns Coal & Bldg. Supply Co.*, 264 F.2d 749 (2d Cir. 1959). *Ricotta* held that payment made during the preference lookback period to a creditor who, at the time of payment, was entitled under state law to record, but

had not yet recorded, a fully secured mechanic's lien, was not avoidable as a preference.

*Id. Ricotta* remains the applicable law in this Circuit under the Bankruptcy Code:

> [T]he question is whether the Debtors have satisfied § 547(b)(5). Under § 547(b)(5), a transfer to a fully secured creditor is immunized from preference attack because the creditor would have been paid in full in a hypothetical Chapter 7 liquidation by virtue of its realization on its collateral. The question is whether, as the Defendants argue, they could have been secured creditors and should be so treated; or whether, as the Debtors contend, the Defendants should be treated as unsecured creditors because they had not perfected any liens and were never secured at all.
>
> The Bankruptcy Act case of *Ricotta v. Burns Coal & Building Supply Co.*, 264 F.2d 749 (2d Cir.1959), is decisive on this issue in the Defendants' favor. In *Ricotta*, the preference defendant had provided a debtor with building supplies and as a result obtained an inchoate mechanic's lien[5] under New York Law.[6] The defendant was paid in full during the preference period—prior to the expiration of its right to perfect its statutory lien. The debtor subsequently sued to avoid the payment as a preferential transfer. Reversing the decision below, the Circuit Court held that "neither the filing nor the enforcement of [a mechanic's] lien would have constituted a preference" and that "had the liens been filed, payment merely discharging them ... would likewise have been immune from attack." *Id.* at 750. The Circuit Court . . . . held that payment is not preferential where "the payment merely avoids the bite of a lien which the trustee could not have successfully attacked." *Id.* at 750–51. Other authority under the Bankruptcy Act came to the same conclusion. *Greenblatt v. Utley*, 240 F.2d 243, 247 (9th Cir.1956).
> . . .
> In light of *Ricotta*, the only real question on these motions is whether *Ricotta* remains binding law under the Bankruptcy Code. Although the Debtors strive to overcome it, there is no reason why *Ricotta* is still not binding, as well as persuasive, authority.
> . . .
> [T]here has been no change in bankruptcy law that would undercut the validity of the *Ricotta* doctrine.
> . . .
> . . . The *Ricotta* court based its holding principally on the logical and

---

[5] "For the purposes of this opinion, a statutory lien that could have been timely perfected under applicable State law is called an 'inchoate' mechanic's lien." *360Networks* at 189.

[6] In New York, mechanic's liens attach as of the recording date, rather than, as in Connecticut, the date work commenced. The Second Circuit, in *Ricotta*, found such distinction had no effect on its conclusion. *Id.* at 750-751.

9

> equitable premise that, . . .if the lien filing is not preferential, actual payment on the claim should not be so considered. . . . [A] majority of courts facing the precise issue under consideration here have held that *Ricotta* retains its vitality under the present law.
> . . . A holder of an inchoate statutory lien cannot perfect the lien after accepting payment in satisfaction of the underlying claim. As the Court said in *Ricotta*, holders of inchoate statutory liens would be faced with an unreasonable Hobson's choice between accepting payment or taking the commercially unreasonable step of declining payment in order to perfect an inchoate statutory lien. . . .
> 
> **Conclusion**
> 
> As Ricotta holds, payments made to the holder of an inchoate statutory lien during the preference period are not avoidable where, at the time of the payment, the lienholder: i) remained eligible to perfect the lien pursuant to relevant State law, and ii) such perfection would not otherwise have been avoidable under the Bankruptcy Code.

*Official Comm. of Unsecured Creditors of 360Networks (USA) Inc. v. AAF-McQuay, Inc.* (*In re 360Networks (USA) Inc.*), 327 B.R. 187, 190 (Bankr. S.D.N.Y. 2005) (some citations and internal quotation marks omitted; footnotes added);  *see also*, *Hopkins v. Merlins Insulation, LLC (In re Larsen)*, Adv.No. 05 8092, 2008 WL 4498890 (Bankr. D.Idaho Aug. 14, 2008) (holding that *Greenblatt v. Utley*, 240 F.2d 243, 247 (9th Cir.1956) (similar to *Ricotta*) remains valid under Bankruptcy Code).

Under the prevailing case law of this Circuit, if the Payment had not been made, NER's claim would be treated, in a hypothetical Chapter 7 liquidation, as fully secured, entitling NER to a distribution equal to the full amount of its claim, i.e., the same amount as the Payment. Accordingly, the requirements of §547(b)(5) cannot be satisfied and the Payment is not avoidable as a preference.

Having determined that the Payment is not an avoidable preference under §547(b), the Court need not consider whether any of the defenses of §547(c) might apply.

## VI.    CONCLUSION

The Court concludes that there is no genuine dispute as to material facts[7] and that NER is entitled to judgment as a matter of law, in accordance with which:

**IT IS HEREBY ORDERED** that New England Radiator Work's Motion for Summary Judgment, ECF No. 21 is **GRANTED**; and Johnson Memorial Hospitals Inc.'s Cross Motion for Summary Judgment . . . . , ECF No. 25, is **DENIED**.

A separate Judgment in favor of New England Radiator Works shall enter simultaneously herewith.

Dated: March 9, 2012                                                          BY THE COURT

*Albert S. Dabrowski*
United States Bankruptcy Judge

---

[7] The disputed facts relate to the defenses asserted by NER pursuant to §547(c) and are not material to the requirements of §547(b).